UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARTINA M. SULLIVAN, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>TOWN OF FREEPORT, et al. )<br>      Defendants. ) | No. 2:24-cv-00068-JAW |

**ORDER ON MOTION TO DISMISS**

On March 7, 2024, Martina M. Sullivan, acting pro se, a resident of South Freeport, Maine, filed a complaint against the Town of Freeport and Matthew Pillsbury, a Freeport Town Councilor, alleging that the Defendants had violated her civil rights and her freedom of access rights by damaging her trees. *Compl.* (ECF No. 1). On March 22, 2024, the Defendants filed a motion to dismiss her complaint. *Defs. Town of Freeport's and Matthew Pillsbury's Mot. to Dismiss* (ECF No. 9). Ms. Sullivan has not responded to the Defendants' motion to dismiss.

Under United States District of Maine Local Rule 7(b), a party such as Ms. Sullivan is required to file an opposition to a motion within twenty-one days of its filing, and the failure to do so means that the party "shall be deemed to have waived objection." D. ME. LOC. R. 7(b). Under First Circuit law, Ms. Sullivan's failure to object to the Defendants' motion to dismiss is itself a sufficient basis to grant their motion based on waiver. *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18 (1st Cir. 2006) (affirming dismissal based on failure to object to motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)); *Wilson v. Clinton*, No. 2:17-cv-00409-GZS, 2018 U.S.

Dist. LEXIS 123231, at *5 (D. Me. July 24, 2018), *aff'd* 2018 U.S. Dist. LEXIS 157773 (D. Me. Sept. 17, 2018) ("Plaintiff's lack of objection to Defendants' motion to dismiss . . . may be deemed a waiver of objection to the argument and thus provides further support for Defendants' request for dismissal").

To make certain, however, that equity would not be offended by the dismissal of the Complaint, the Court reviewed Ms. Sullivan's Complaint and the Defendants' motion to dismiss. *See Cote v. Barnhart*, No. 1:12-cv-00081-NT, 2012 U.S. Dist. LEXIS 152863, at *2 (D. Me. Sept. 21, 2012), *aff'd* 2012 U.S. Dist. LEXIS 152040 (D. Me., Oct. 23, 2012) ("The only limitation on this discretion is that an order dismissing the case must 'not clearly offend equity' or be inconsistent with the Federal Rules of Civil Procedure") (quoting *Nepsk, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)).

The Court carefully reviewed Ms. Sullivan's Complaint and agrees with the Defendants that they are entitled to its dismissal for two essential reasons, as set forth in the motion. First, Ms. Sullivan alleges violations of her civil rights under Title VI, § 602 of the Civil Rights Act of 1964 and its implementing regulation, 34 C.F.R. § 100.3. *Compl.* at 3. But Title VI, § 602 and 34 C.F.R. § 100.3 concern discrimination on the basis of race, color, or national origin, and Ms. Sullivan's Complaint makes no allegation that would fit her claims under these expressly articulated protections of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000d ("No person in the United States shall, *on the ground of race, color, or national origin*, be excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance") (emphasis added); 34 C.F.R. § 100.3 ("No person in the United States shall, *on the ground of race, color, or national origin* be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this part applies") (emphasis added).

Second, Ms. Sullivan makes vague allegations under both the federal Freedom of Information Act (FOIA), 5 U.S.C. § 551 *et seq.*, and the state of Maine's Freedom of Access Act (FOAA), 1 M.R.S. § 400 *et seq. Compl.* at 3. But "[t]he FOIA . . . by its own terms, applies only to federal executive branch agencies." *Phillip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) (citing 5 U.S.C. §§ 551(1), 552(a)). Similarly, Ms. Sullivan's FOAA allegation "does not belong in federal court" because the Superior Court for the state of Maine has exclusive jurisdiction over FOAA claims, and there is no reason for this Court, if it could, to exercise supplemental jurisdiction over Ms. Sullivan's FOAA claim. *Copp v. Shane*, 2:18-cv-00181-JAW, 2018 U.S. Dist. LEXIS 206973, at *62-63 (D. Me. Dec. 7, 2018); *see Cantrell v. Brunswick Me. Police*, 2:23-cv-00283-NT, 2024 U.S. Dist. LEXIS 77118, at *25-27 (D. Me. Apr. 29, 2024).

In their motion, the Defendants speculate that Ms. Sullivan may be making other claims, such as a Maine Tort Act claim. However, the Court is not compelled to search a complaint to unearth theories of action not expressly pled and, accordingly, addresses only those claims evident on the face of Ms. Sullivan's Complaint itself. To the extent she has buried other claims in her Complaint, the Court agrees with the Defendants that dismissal of such claims is warranted.

In short, the Court GRANTS Defendants Town of Freeport's and Matthew Pillsbury's Motion to Dismiss (ECF No. 9) and DISMISSES Martina M. Sullivan's Complaint (ECF No. 1) without prejudice.

SO ORDERED.

                                   /s/ John A. Woodcock, Jr.
                                   JOHN A. WOODCOCK, JR.
                                   UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2024.